DA 10-0340

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 66N

FILED

April 5 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

LUCIEN BONCK,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 02-0783
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Lucien Bonck, (self-represented litigant); Billings, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

          Dennis Paxinos, Yellowstone County Attorney, Ann-Marie McKittrick,
Deputy County Attorney, Billings, Montana

Submitted on Briefs:  March 2, 2011

Decided:  April 5, 2011

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Lucien Bonck appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, denying Bonck's motion to withdraw a guilty plea.

¶3 On February 4, 2004, Bonck pleaded guilty to Sexual Intercourse Without Consent. On March 3, Bonck moved the District Court to withdraw his guilty plea, stating he was on medication at the time of the plea and did not understand what was going on. The District Court denied the motion. On April 19, 2004, Bonck, although still represented by counsel, made a pro se motion to withdraw his guilty plea, citing identical reasons he listed on March 3. The District Court did not respond.

¶4 On December 27, 2009, almost six years later, Bonck again moved to withdraw his guilty plea. He argued the motion was timely because his 2004 pro se motion had never been ruled on. Following a hearing, the District Court denied Bonck's motion. The District Court held that it had ruled on the motion to withdraw when first made on March 3, 2004, and Bonck had failed to appeal that decision. The motion is time barred. Section 46-16-105(2), MCA. The District Court also found that Bonck had not satisfied the good cause standard to withdraw his guilty plea. *State v. Lone Elk*, 2005 MT 56, ¶ 19, 326 Mont. 214,

108 P.3d 500.  Bonck argues here that the District Court erred by denying his motion.

¶5      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶6      Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE